*ORH*
*3/26/14*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

PJM:USAO#2013R00143

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED MAR 27 P 4:59

CLERK'S OFFICE
BALTIMORE

BY_____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. JKB-13-607 |
| v. | (Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, 21 |
| ROYCE LEVI BROWN, | U.S.C. § 846; Possession with Intent to Distribute Cocaine and Cocaine Base, 21 |
| CHARLES RILEY, JR. a/k/a "New York" | U.S.C. § 841(a)(1); Felon in Possession of Firearms, 18 U.S.C. § 922(g); Aiding and Abetting, 18 U.S.C. § 2) |
| CHARLES RUDOLPH WHITE, | |
| and | |
| DAVID WAYNE NELSON, a/k/a "Dogfood" | |
| Defendants. | |

.oOo.

**SUPERSEDING INDICTMENT**

**COUNT ONE**

The Grand Jury for the District of Maryland charges that:

From in or about July 2013 up to and including August 27, 2013, in the District of

Maryland, the defendants,

**ROYCE LEVI BROWN,**

**CHARLES RILEY, JR.**
**a/k/a "New York,"**

**CHARLES RUDOLPH WHITE,**

**and**

**DAVID WAYNE NELSON,**
**a/k/a "Dogfood"**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with

others known and unknown to the Grand Jury to knowingly, intentionally, and unlawfully

distribute and possess with intent to distribute five kilograms or more of a mixture or substance

containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of

Title 21, United States Code, Section 841(a)(1).

21 U.S.C. § 846

**COUNT TWO**

The Grand Jury for the District of Maryland further charges that:

On or about August 16, 2013, in the District of Maryland,

**CHARLES RILEY, JR.,**
**a/k/a "New York,"**

a defendant herein, did knowingly and intentionally possess with intent to distribute 500 grams or

more of a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule

II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

21 U.S.C. § 841(a)(1)
18 U.S.C. § 2

3

## COUNT THREE

The Grand Jury for the District of Maryland further charges that:

On or about August 27, 2013, in the District of Maryland,

## ROYCE LEVI BROWN,

### and

## CHARLES RILEY, JR.,
### a/k/a "New York,"

defendants herein, did knowingly and intentionally possess with intent to distribute five kilograms or more of a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

21 U.S.C. § 841(a)(1)
18 U.S.C. § 2

**COUNT FOUR**

The Grand Jury for the District of Maryland further charges that:

On or about August 27, 2013, in the District of Maryland,

**DAVID WAYNE NELSON,**

a defendant herein, did knowingly and intentionally possess with intent to distribute a quantity of a

mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled

substance, in violation of Title 21, United States Code, Section 841(a)(1).

21 U.S.C. § 841(a)(1)
18 U.S.C. § 2

## COUNT FIVE

The Grand Jury for the District of Maryland further charges that:

On or about August 16, 2013, in the District of Maryland,

### CHARLES RILEY, JR.,
### a.k.a. "New York,"

a defendant herein, having been previously convicted of a crime punishable by imprisonment of a

term exceeding one year, did knowingly possess firearms, to wit:

- one   Rom Arms AK-47 7.62x39 caliber rifle, bearing serial number 1-31690-2000; and

- one Taurus 9mm pistol, bearing serial number TWAA27414

in and affecting interstate or foreign commerce.

18 U.S.C. § 922(g)(1)
18 U.S.C. § 2

## FORFEITURE

The Grand Jury further finds that:

1.      Upon conviction of the controlled substance offenses alleged in Counts One through Four of this Indictment, the defendants shall forfeit to the United States of America any property constituting or derived from, proceeds obtained, directly or indirectly, as a result of, and any property used, or intended to be used, in any manner or part to commit or facilitate the commission of such violation.

2.      If any of the property described above, as a result of any act or omission of the defendant:

> a.      cannot be located upon the exercise of due diligence;
> b.      has been transferred or sold to, or deposited with, a third party;
> c.      has been placed beyond the jurisdiction of the Court;
> d.      has been substantially diminished in value; or
> e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property.

21 U.S.C. § 853; 28 U.S.C. § 2461(c).

3.   .   As a result of the firearm offense set forth in Count Five of this Indictment, the Defendant,

### CHARLES RILEY, JR.,
### a.k.a. "New York,"

shall forfeit to the United States the firearms identified in Count Five and involved the that offense.

18 U.S.C. § 924(d)

ROD J. ROSENSTEIN
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED

Foreperson

Date: 3/27/14

8