**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| **Plaintiff** | * | |
| v. | * | **CRIMINAL NO. JKB-13-0607** |
| **CHARLES RILEY, JR.,** | * | |
| **Defendant** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

On March 27, 2014, a federal grand jury sitting in Baltimore returned a superseding indictment accusing the Defendant of various illegal drug offenses and of being a previously convicted felon in possession of a firearm. (ECF No. 85.)  On the third day of the subsequent jury trial, the Government rested its case in chief.  On motion of the Defendant, the Court found that the Government's proof in support of the gun offense was fatally insufficient, and judgment of acquittal was entered on that count.  The Defendant then moved for a mistrial on the remaining drug counts, and the Court granted that motion after concluding that the Defendant was unfairly prejudiced by already-admitted proof that was relevant only to the now-defunct gun charge.  The Court reserved the issue of retrial on the drug counts in order to afford the Defendant an opportunity to be heard on his bid to bar further proceedings. (*See* ECF No. 184.)  This memorandum amplifies the Court's oral rulings.

I.

In the superseding indictment (ECF No. 85), Defendant Riley was charged in four counts. In Count One, he was charged with conspiracy to distribute and possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine; in

Count Two he was charged with possessing with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine; in Count Three he was charged with possessing with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine; and in Court Five he was charged with possessing a firearm while having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §922(g)(1).[1] (ECF No. 85.)

The Defendant filed a pretrial motion (ECF No. 125) seeking to sever Count Five, the firearms count, but the Court denied it. (ECF No. 151). As the Court explained at the May 1, 2014 motions hearing, the Government proffered sufficient evidence tying Count Five to the drug counts to justify joinder under Rule 8(a) of the Federal Rules of Criminal Procedure. *See, e.g., United States v. Mir*, 525 F. 3d 351, 356-57 (4th Cir. 2008) (holding that, as a general rule, "related offenses should be tried in a single proceeding"). Further, the Court found that the Defendant had failed to make the "strong showing of prejudice" required for severance under Rule 14(a) of the Federal Rules of Criminal Procedure. *United States v. Branch,* 537 F.3d 328, 341 (4th Cir. 2008) (quoting *United States v. Goldman*, 750 F. 2d 1221, 1225 (4th Cir. 1984)). The Court also noted that under *United States v. Silva*, 745 F. 2d 840, 844 (4th Cir. 1984), where a defendant is charged with several crimes, including possession of a firearm in violation of 18 U.S.C. § 922(g), "[a]ny prejudicial effect of the necessary introduction of the defendant's past conviction can . . . be avoided through the use of a limiting instruction." The Court also encouraged the parties to consider entering into a stipulation regarding the Defendant's prior convictions so as to sanitize them and conceal their detail from the jury, thus limiting any prejudicial effect. The Government then crafted and proposed a "bare bones" stipulation, which revealed only that the Defendant had sustained a prior conviction that disqualified him from

---

[1] Count Four of the superseding indictment did not concern this Defendant.

possessing firearms. However, as was his absolute right, the Defendant refused the proposal. In the course of the presentation of its case in chief, the Government therefore proceeded to introduce evidence disclosing, they contended, that the Defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year. 18 U.S.C. § 922(g).

In this regard, the Government first moved to admit Exhibit 33a into evidence. This document was a "Certificate of Disposition Indictment" signed by the Clerk of the Supreme Court of the State of New York for Queens County. The document tended to prove that Defendant Riley had been convicted on two counts of "criminal possession of a controlled substance 7th degree" and sentenced to a term of imprisonment of exactly one year on each. Defense counsel objected to the introduction of Exhibit 33a, arguing that it was not probative given that it did not tend to show that Defendant Riley had "been convicted . . . of a crime punishable by imprisonment for a term *exceeding* one year." 18 U.S.C. § 922(g)(1) (emphasis added). The Court sustained the Defendant's objection on relevancy grounds, and Exhibit 33a was not admitted.

The Government then offered Exhibit 33b. This document was a certified and true copy of the docket sheet in the case of *State of Maryland v. Charles Riley*, No. 34CR0086, before the Circuit Court for Wicomico County, Maryland. The defendant in that case was one "Charles Riley," whose address was listed as "703 7th Street, Apartment #1, Portsmouth, VA 23704, c/o Wicomico County Detention Center." The May 5, 1994 entry on the docket sheet read, in relevant part: "Charles Riley sentenced by the Court to Commissioner of Correction for a period of 10 years under Count 1 [Bringing CDS into Maryland]; 5 years under Count 2 [Felonious possession of cocaine] concurrent to Count 1 and Counts 5 [Possession of cocaine] and 6 [Drug paraphernalia] merge." Further, the list of defense witnesses listed one name, "Charles Riley Jt [sic]."

3

In order to contextualize and amplify the content of Exhibit 33b, the Government called Special Agent Fitzpatrick who testified that, as part of his investigation, he gathered documentation relating to the Defendant's criminal history.  Speaking specifically about Exhibit 33b, he testified, without further foundation, that it related to a criminal case from 1993 against the Defendant and that the document was obtained from the Circuit Court for Wicomico County.

The Court admitted Exhibit 33b into evidence.  Immediately thereafter, the Court gave the jury the following limiting instruction:

> Ladies and gentlemen of the jury, the Court has admitted an exhibit, Exhibit 33b, which appears to be a docket entry from another court.  There's been testimony just a moment ago that this docket entry records the fact that a certain conviction was entered against a person.  And that a sentence was subsequently imposed in relation to that.  I think the testimony was that ten years was imposed on one count and five years was imposed on another.  I instruct you that to the extent that you consider this evidence at all as you decide the questions that are put to you in your jury service, you are to limit your consideration of this proof solely to the question of whether or not the Defendant in this case has previously been convicted of an offense punishable by imprisonment for more than one year, such that under the federal firearms statutes, he would be barred from possessing or owning or transferring a firearm.  This information about possible prior convictions, sentences that were imposed, and the nature of the offenses has been admitted solely for your consideration on the question of whether or not the Defendant, by virtue of criminal record, was forbidden from possessing, using, transporting, [or] trafficking in firearms.  The evidence is not admitted for any other purpose and it shouldn't be considered by you as you reflect on any of the other questions that are before you. [Court's "real-time" notes from trial; transcript not yet available]

Soon after, the Government rested its case.  Defense counsel then moved for judgment of acquittal on Count Five and, prevailing in that regard, then moved for a mistrial on Counts One, Two, and Three.

II.

In ruling on a motion for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure that, as here, is based on insufficiency of the evidence, the Court considers whether "as a matter of law the government's evidence is insufficient 'to establish factual guilt' on the charges in the indictment." *United States v. Alvarez*, 351 F.3d 126, 129 (4th Cir. 2003) (quoting *Smalls v. Pennsylvania*, 476 U.S. 140, 144 (1986)). Stated differently, the Court considers whether a rational trier of fact could find the Defendant guilty beyond a reasonable doubt based on the evidence produced at trial, viewed in the light most favorable to the Government. *United States v. Wilkins*, 58 Fed. Appx. 959, 961 (4th Cir. 2003).

Here, the elements of Count Five are as follows:

> (1) The defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed, transported, shipped or received, the firearm; and (3) the possession was in or affecting commerce, because the firearm had travelled in interstate or foreign commerce at some point during its existence.

*United States v. Moye*, 454 F.3d 390, 395 (4th Cir. 2006) (quoting *United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995) (*en banc*)).

The Court's analysis focuses on the first of these three elements. The Court did not admit the first exhibit that the Government offered on this issue, Exhibit 33a, because it was not relevant. Indeed, the "Certificate of Disposition Indictment" purported to show that the Defendant was adjudged guilty of two counts of criminal possession of a controlled substance in the seventh degree and sentenced to a term of imprisonment of exactly one year on each count by the Supreme Court of the State of New York for Queens County. Under New York State law in effect at the relevant time, criminal possession of a controlled substance in the seventh degree was a "[c]lass A misdemeanor," N.Y. Penal Law § 220.03, punishable by a sentence of

imprisonment that "shall not exceed one year." N.Y. Penal Law § 70.15.[2] As such, Exhibit 33a did not tend to prove that the Defendant "previously had been convicted of a crime punishable by a term of imprisonment *exceeding* one year." *Moye,* 454 F.3d at 395 (emphasis added).

The Court did admit into evidence the Government's second exhibit on this point, Exhibit 33b. However, Exhibit 33b, even when considered together with Special Agent Fitzpatrick's testimony, is insufficient to permit an inference beyond a reasonable doubt that Defendant Riley and the "Charles Riley" convicted in 1994 in Wicomico County are one and the same.

Although the Court has not located Fourth Circuit precedent that directly addresses this issue, two out-of-circuit cases have been particularly helpful in guiding the Court's consideration. The first is *United States v. Jackson*, 368 F.3d 59 (2d Cir. 2004). There, in order "to prove that [Defendant] Jackson was a previously convicted felon, the government offered a certified copy of a judgment of the New York Supreme Court for New York County (Manhattan) showing that on January 11, 1984, a person named Aaron Jackson was convicted of unlawful possession of a weapon and of a controlled substance. The government offered no further evidence connecting the defendant to the 1984 conviction." *Id.* at 62-63.

The court found that, given the evidence presented at trial, a fact-finder could not reasonably conclude *beyond a reasonable doubt* that Defendant Jackson was the individual convicted in 1984. *Id.* at 63. The Court explained that:

> No such judgment can be made with any reasonable degree of confidence from two observations, eighteen years apart, of persons with the not-unusual name of Aaron Jackson in a city with a population exceeding eight million. The government offered no evidence that the two Aaron Jacksons were of the same race, or of similar height, coloring, fingerprint configuration, or even general physical description. There was no showing of the previously

---

[2] Section 220.03 has not been materially amended, in this respect, since at least 1979. *See* 1979 N.Y. Sess. Laws c. 410, § 11; 2010 N.Y. Sess. Laws c. 284, § 1; 2011 N.Y. Sess. Laws, c. 154, § 4. Similarly, section 70.15 has not been materially amended, in this respect, since at least 1984. *See* 1984 N.Y. Sess. Laws c. 673, § 1; 1993 N.Y. Sess. Laws c. 291, § 3.

6

>convicted Aaron's age. There was no showing that he was a resident of New York, much less that he lived at the same address as the defendant, or that the two shared any other significantly narrowing features. The jury had no reason to believe that the name Aaron Jackson is sufficiently rare incidence in New York City to make it improbable that an individual of that name convicted in 1984 was the person now on trial before them eighteen years later. We cannot characterize as highly improbable that two different persons were involved. In short, on this evidence, a jury could not reasonably conclude *beyond a reasonable doubt* that the two Aaron Jacksons were the same.

*Id*. at 64-65 (emphasis in original).

On similar, facts, the Seventh Circuit held that where the "proof was confined to the identity of the name on the judgment . . . [it] was insufficient to identify the prior conviction as [the defendant's] beyond a reasonable doubt." *United States v. Allen*, 383 F.3d 644, 649 (7th Cir. 2004).

In the case at bar, which presents circumstances similar to those prevailing in *Jackson* and *Allen*, the Government's proof is confined to the identity of the name on the docket sheet. In fact, the name on the Wicomico County docket sheet is "Charles Riley", whereas the Defendant in the present case is "Charles Riley, Jr."[3] Thus, even the identity of the name is imperfect. Further, the address listed on the docket sheet for "Charles Riley" is "703 7th Street, Apartment #1, Portsmouth, VA 23704, c/o Wicomico County Detention Center," while extensive trial testimony suggests that Defendant Riley's current address is 1523 Anchors Way, Salisbury, Maryland. Notably, the Government did not present any evidence that the Defendant had ever previously lived at a different address or even in a different state.

More importantly, the Government failed to introduce evidence to corroborate its theory that the "Charles Riley" who was the subject of the 1994 conviction is the same person as the Defendant. The government introduced no evidence regarding his date of birth, his fingerprints,

---

[3] On the portion of the docket sheet that lists defense witnesses, the only name listed is "Charles Riley Jt [sic]."

7

his social security number, or his appearance (whether through a photograph or even a description of his physical appearance). *Cf. United States v. McDowell*, 745 F.3d 115 (4th Cir. 2014) (holding that a National Crime Information Center (NCIC) report listing an erroneous name and four inaccurate birthdays for the defendant nonetheless satisfied the government's burden of establishing *by a preponderance of the evidence* that the defendant was an "armed career criminal" as defined by the Armed Career Criminal Act ("ACCA") for purposes of sentencing where the report correctly stated defendant's birthplace, height, weight, hair color, and other identifying characteristics and where Department of Corrections records and fingerprint analysis corroborated the government's claim as to identity).

This failure is all the more problematic given that "[i]n general, the records of courts, prosecution offices, investigative agencies, and prisons contain ample data identifying persons who have been convicted. [Further,] [p]rosecutors have easy access to such data." *Jackson*, 368 F.3d at 68.

Of course, the Court acknowledges that the fact that both "Charles Rileys" were charged with possession of cocaine makes it *slightly* more likely that the two are the same person. Further, the fact that Special Agent Fitzpatrick gathered the docket sheet as part of his investigation into Defendant Riley's criminal history also makes it *slightly* more likely that the 1994 conviction was of Defendant Riley. However, ultimately, even when viewing the evidence in the light most favorable to the Government, the Court finds that the Government's proof was insufficient to permit an inference beyond a reasonable doubt that Defendant Riley and the person convicted in 1994 are one and the same.

In so finding, the Court also acknowledges that the Fifth and Ninth Circuits have held that where the government introduces a certified copy of judgment bearing the defendant's name, it has satisfied its burden unless the defendant offers evidence in rebuttal. *See Pasterchik v.*

*United States*, 400 F.2d 696, 701 (9th Cir. 1968); *Rodriguez v. United States*, 292 F.2d 709, 710 (5th Cir. 1961). However, the Court finds these precedents less than persuasive in light of (1) contrary authority, *see Allen*, 383 F.3d at 648; *Jackson*, 368 F.3d at 68; *United States v. Weiler*, 385 F.2d 63, 66 (3d Cir. 1967); *Gravatt v. United States*, 260 F.2d 498, 499 (10th Cir. 1958); and (2) the intervening Supreme Court opinion deciding *In re Winship*, 397 U.S. 358 (1970) regarding the requirements of the Due Process Clause. *See also Jackson*, 368 F.3d at 65-66 (discussing the impact of *In re Winship*). Therefore, the Court concludes that a rational trier of fact could *not* find the Defendant guilty beyond a reasonable doubt on Count Five based on the evidence produced at trial, even when viewed in the light most favorable to the Government. *United States v. Wilkins*, 58 Fed. Appx. 959, 961 (4th Cir. 2003). And thus, acquittal on Count Five of the superseding indictment is necessitated, pursuant to Rule 29 of the Federal Rules of Criminal Procedure.

### III.

After the Court granted the Defendant's motion for judgment of acquittal on Count Five, defense counsel moved for a mistrial as to the remaining counts, pursuant to Rule 26.3 of the Federal Rules of Criminal Procedure. In granting a motion for a mistrial, a court must reach the conclusion that "the ends of public justice would not be served by a continuation of the proceedings" such that "manifest necessity requires declaration of a mistrial." *United States v. Sloan*, 36 F.3d 386, 393-94 (4th Cir. 1994) (internal quotations and citations omitted). In the case at bar, after a "scrupulous exercise of judicial discretion," the Court comes to such a conclusion. *Id.* at 394.

The joinder of Counts One, Two, and Three (the conspiracy and drug possession charges) with Count Five (the gun count) was always the cause of some discomfort for the Court. Indeed, ordinarily, with a few exceptions, evidence of prior convictions is deemed unfairly prejudicial

9

and therefore inadmissible in a drug trial. Fed. R. Evid. 404(b)(1). However, where a defendant is charged with a violation of 18 U.S.C. § 922(g)(1), the Government *must* prove at least one prior conviction. And, therefore, where, after consideration of Rules 8(a) and 14(a), and the relevant precedents[4], the Court is convinced that joinder of drug and gun counts is proper (as the Court was convinced at the *beginning* of these proceedings), the Government must be allowed to present evidence of prior convictions.

This result reflects an implicit compromise—one that requires criminal defendants to bear some prejudice in the interest of saving and conserving scarce judicial and governmental resources. It is the rare circumstance in our criminal law and procedure when even a modest cost in terms of fairness is imposed on a defendant in order to achieve savings to the system, but this is one such circumstance. The use of limiting instructions is thought to substantially mitigate any harms flowing therefrom. Students of the criminal justice process may reasonably debate the reasonableness of such a compromise, but whether it can and should be made in the context of properly joined counts is a settled question. *See* 1A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure Criminal* § 222 (4th ed.).

However, this compromise is not "infinitely elastic." *United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir. 2005). In particular, it must necessarily be subsumed to the venerable principle that "[a]n important element of a fair trial is that a jury consider only relevant and competent evidence bearing on the issue of guilt or innocence." *Bruton v. United States*, 391 U.S. 123, 131 n.6 (1968); *Cardwell*, 433 F.3d at 385. And, specifically, that "the law does not allow consideration of other crimes as evidence of a defendant's criminal disposition." *United States v. Foutz*, 540 F.2d 733, 736 (4th Cir. 1976).

---

[4] *See, e.g.*, *Mir*, 525 F.3d at 356-57; *Branch*, 537 F.3d at 341; *Silva*, 745 F.2d at 844.

Initially, the present case was squarely within the settled confines of this compromise. The Government had successfully sought an indictment charging the Defendant with both the drug and gun charges (ECF No. 85) and, in pre-trial motions hearings, had proffered sufficient evidence to tie Count Five to the drug counts factually (*see* ECF No. 151). Thus, while noting that joinder of these charges would cause the Defendant to suffer some prejudice, the Court denied the Defendant's pre-trial motion to sever the firearms count. (ECF No. 151.) During the trial, after the Defendant refused the "bare bones" stipulation offered by the Government as to his alleged prior convictions, the Court also declined to forbid the Government from attempting to prove that count by presenting evidence of prior felony convictions.

On this basis, the Court had every reason to believe that, in the course of its case in chief, the Government would present sufficient evidence to submit the drug counts and the gun count to a jury, and therefore that, in the interest of preserving limited judicial resources, all four counts should be submitted to a single jury. Indeed, it is rare for the Government to fail to meet the proof standard of Rule 29, and the Court did not expect such a failure here when it denied the Defendant's motion for severance or when it admitted Exhibit 33b together with Agent Fitzpatrick's amplifying testimony. But fail the Government did, and, once the Court granted the Defendant's motion for judgment of acquittal, only Counts One, Two, and Three remained for the jury to decide.

Once the Court granted judgment of acquittal on Count Five, the issues in this case moved beyond the scope of the referenced "settled question." Indeed, here, the jury had already heard evidence of the Defendant's alleged prior convictions. To have allowed this jury to deliberate as to the Defendant's guilt or innocence on the drug counts would have run directly contrary to the principles that "[a]n important element of a fair trial is that a jury consider only relevant and competent evidence bearing on the issue of guilt or innocence," *Bruton*, 391 U.S.

at 131 n.6, *Cardwell*, 433 F.3d at 385, and that "the law does not allow consideration of other crimes as evidence of a defendant's criminal disposition," *Foutz*, 540 F.2d at 736. If the Defendant is to be convicted on Counts One, Two, and Three, it should be on the strength of the evidence that tends to show that he committed *those* offenses, not some *other* offense alleged, already proven and disposed of years ago.

The Court recognizes that, in the interests of promoting efficiency and preserving scarce resources, the edges of these venerable principles are nibbled at from time to time. *See*, *e.g.*, *Mir*, 525 F.3d at 356-57 ("Moreover, joinder is the rule rather than the exception because the prospect of duplicating witness testimony, impaneling additional jurors, and wasting limited judicial resources suggests that related offenses should be tried in a single proceeding."); *see also* 1A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure Criminal* § 222 (4th ed.) (collecting cases). In the main, however, the rule still holds, and it will not be further eroded here.

No doubt a limiting instruction could be crafted, admonishing the jury to ignore the evidence presented. *See Silva*, 745 F.2d at 844 (holding that where a defendant is charged on multiple counts, including a count of possession of a firearm in violation of § 922(g), "[a]ny prejudicial effect of the *necessary* introduction of the defendant's past conviction can . . . be avoided through the use of a limiting instruction") (emphasis added). However, it is one thing to instruct the jury that evidence about the Defendant's prior conviction is to be considered for one purpose and ignored for all others. It is quite another to allow such evidence to be heard and then to instruct the jury that they are not to consider it for *any* purpose. The Court is skeptical as to the efficacy of limiting instructions in general, and it is especially dubious in this circumstance. Certain bells, once rung, simply cannot be unrung.

Ultimately, it would be unfair to force the Defendant to continue with this trial when, as a result of the Government's failure to offer sufficient proof of his guilt on Count Five, no longer is there *any* justification for the prejudicial and irrelevant evidence of his alleged prior convictions and imprisonment being in the record before the jury. The Court finds that "the ends of public justice would not be served by a continuation of the proceedings" and that "manifest necessity [therefore] requires declaration of a mistrial" on the remaining counts. *Sloan*, 36 F.3d at 393-94 (internal quotations and citations omitted).

DATED this 22nd day of May, 2014.

BY THE COURT:

/s/
James K. Bredar
United States District Judge